Houck, J.
This is a proceeding in error seeking to reverse the -judgment of the common pleas court of Licking county, Ohio. The parties here stand in the reverse order to that in which they stood in the court below. The petition, in substance, averred that the plaintiff was the father of one Leon Clapham, who was under 18 years of age and lived with and was supported by the plaintiff, who was entitled to the services of the said Leon Clapham; that on the 13th day of July, 1913, the board of county commissioners of Licking county, Ohio, was engaged in repairing a certain public road running from Newark .to Gran-ville in said county, by covering the surface of said road with cement or concrete; that on said date the defendants, W. B. Gregg and H. D. Fletcher, were partners, and as such partners were engaged in performing the work of said repair under a contract with said board of county commissioners, whereby said board paid said Gregg and Fletcher a certain definite sum of money for furnishing the materials and the labor'necessary for said repair; that on said 13th day of July, 1913, said road was open for travel, and was on said date and for a long time prior thereto in general use by the traveling public, with the knowledge and consent of said defendants; that on said day the defendants had *365 stretched a wire across said road about three feet above the surface thereof, that said wire was in such position on said day, that said wire was not marked or located by any signal or device to warn passengers on said road that the same was in such position, and that said wire could not be seen by persons in vehicles on said road; that on said day, while said Leon Clapham was lawfully traveling on and over said road on a motorcycle, and without any fault or negligence on his part, he ran into and against said wire and was thrown with great violence to the surface of said concrete, suffering thereby a broken nose, a broken jaw and a fracture of his skull, and was otherwise bruised and injured; and that by reason of said injuries the plaintiff was thereby deprived of the services of said Leon Clapham, to his damage in the sum of $1,000.
The plaintiff further alleged in his petition that he had expended the sum of $367.25 in the necessary and proper care of the said Leon Clapham by reason of said injuries, and that isaid injuries were caused by the negligence and carelessness of the defendants, in stretching said wire across said road and leaving the same unguarded, and in not providing some method of warning- travelers of its presence in said location; that the injuries complained of were without fault on the part of said Leon Clapham and were caused by the negligence of the defendants. Plaintiff therefore prayed for judgment against said defendants in the sum of $1,367.25.
The answers filed by said defendants were in the nature of general denials to all of the material *366 allegations contained in plaintiff’s petition; and further set up and alleged that whatever injuries resulted to the said Leon Clapham were caused by his own fault and negligence and not by the fault of the defendants, or either of them.
The cause was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $300.75. The usual motion for a new trial was filed, heard and overruled, and a judgment entered on the verdict. A bill of exceptions was prepared, containing all of the testimony and evidence offered at the trial below,' and, together with a petition in error, was filed in this court for review.
Numerous grounds of alleged error are set forth in the petition in error, but we do not deem it necessary to discuss any of the alleged errors save and except those urged by counsel for plaintiffs in error in oral argument.
As one of the grounds for a reversal of the judgment below learned counsel for plaintiffs in error insist that Leon Clapham was, at the time he received the injuries complained of, a trespasser. We have examined the bill of exceptions with reference to*this alleged claim, and are free to say that from the proven facts upon this question, applying the. law applicable thereto as to who is or who is not a trespasser, we are bound to and do reach the conclusion that this claim of alleged error is not well taken.
It is further urged that the trial judge refused to give a special request offered by defendants below with reference to Leon Clapham having been guilty of negligence per se, which resulted in the injuries he received. We have examined the *367 record, but have been unable to find any such written request so refused by the trial judge. On page 312 of the bill of exceptions we find that counsel for defendants below requested the court, before argument, in writing, to give to the jury the following instruction, which was given by the court:
“If you find from the evidence that the motorcycle was being driven at a higher rate of speed than twenty miles per hour at the time of the accident, then the boys so riding and driving said machine were violating the laws of Ohio, and such act would be evidence of negligence on their part and should be considered by you upon the question of contributory negligence.”
This charge as to the law was given by the trial judge, at the request of the defendants below, and we do not see how they can now complain. We think as a proposition of law it is sound, and applicable to the proven facts in the case at bar.
Counsel for plaintiffs in error, as another ground for a reversal of the judgment in this case, insist that the trial judge was in error when he refused to charge upon the subject of iriiputed negligence, as contained in the special request found on page 316 of the bill of exceptions, which was requested to be given by the defendants below, and which the court refused to give. This special request reads as follows:
“If you find from the evidence that the witness, Beaver, in the management of the motorcycle, did not use ordinary care, and that his want of ordinary care was the proximate cause of Leon Clapham’s injuries, then the said Leon Clapham is charged *368 with the negligence of said Beaver, arid there can be no recovery in this action.”
We do not feel it necessary to discuss at length this proposition of law. We think upon its face it clearly shows, in the light of the established facts in this case, that if the court had given this charge it would have been improper. In our opinion the court committed no error in refusing to give this request to the jury.
It is strenuously urged by the plaintiffs in error that the road in question was not opened for public travel; but that it was so barricaded and protected by the defendants below that it was not an open road, but was, in fact and in law, a closed road. Whether or not the road at the time of the injury complained of was or was not a closed road was a question of fact to be determined by the jury in the light of the evidence offered upon this subject and the law applicable thereto, as charged by the court. The jury having passed upon this fact and having found adversely to the defendants below, from our examination of the general charge and propositions of law submitted to the jury bearing upon this question we are bound to and do hold that there is no prejudicial error in this respect in the record. The general charge of the court covers every phase of the case at bar, and, as we view it, is a clear and concise statement of each and all of the propositions of law applicable and pertinent to the established facts, and covers each and all of the issues raised by the pleadings in the case.
Upon our examination of the record there is no error contained therein which is in any way *369 prejudicial to the substantial rights of the plaintiffs in error, and, therefore, the judgment of the common pleas court is affirmed.

Judgment affirmed.

Powell, J., concurs.